## GREEN *a.* THE MAYOR, &c., OF THE CITY OF NEW YORK.

*New York Common Pleas; Special Term, December,* 1857.

DISTRICT COURT JUDGES.—SALARIES.—ACTION AGAINST CORPORATION.—ACT RELATIVE TO DISTRICT COURTS.

An action lies against the corporation of the city of New York, when they receive money from any source of revenue which they are bound to apply to a special purpose, to compel them to pay it to the purpose contemplated; and they are also liable to an action where, being authorized to raise money by tax for a special purpose, they neglect to provide for such claim.

But the corporation are not liable to an action for an increase of salary given to an officer,—*e. g.* a justice of one of the district courts of the city,—by act of the Legislature, where the Legislature have neglected to give the corporation authority to raise money for its payment.

Of the construction of the act of 1857, relative to the district courts of the city of New York (*Laws of* 1857, *ch.* 344), and of the constitutionality of that act.

Demurrer to complaint.

This action was brought by James Green against the Mayor, &c., of the city of New York to recover salary as a justice of a district court in that city. The plaintiff demurred to the defendants' answer for insufficiency. The substance of the defence demurred to is stated in the opinion.

*Wessel S. Smith,* for the demurrer.

*Abraham R. Lawrence,* opposed.

INGRAHAM, F. J.—The plaintiff sues the defendants to recover from them the salary due him on May 1, 1857.

Defendants admit the facts in the complaint alleged, but deny their liability therefor. The answer also sets out the various acts of the Legislature prohibiting the defendants from incurring indebtedness by loan of money, except in anticipation of the revenue; the tax bill for 1857, in which the salaries for the justices were provided for at the rate of $2000, being the amount at which the salaries were fixed by the Board of Supervisors; the provision in said act that none of said moneys so to be raised should be applied to any purpose or object than those provided for in the act; that by an act subsequently passed, the salary of the justices was raised to $3000 per annum, payable out of the city treasury, on the first day of each month; that the Legislature passed no act giving the defendants authority to raise any other or further sums to pay those salaries; that there is no money in the treasury out of which the defendants are authorized to pay an increase of salary, and that there is no power vested in defendants to raise the same by loan or tax.

The answer also contained an offer to pay the plaintiff the salary due at the rate of two thousand dollars per annum.

To this answer the plaintiff demurred upon the ground that it contained no defence to the plaintiff's claim. By the demurrer all the allegations of the plaintiff are admitted, viz.: that the defendants are prohibited by law from borrowing moneys to make this payment; that the moneys raised by tax are all appropriated to the special purposes for which they were to be assessed, and cannot be used to pay this claim; that there is no money in the treasury out of which the payment can be made, and no money can be drawn therefrom without a previous appropriation.

The question then arises whether the Legislature can, after prohibiting the use of all means the defendants may possess, applicable to this purpose, impose on it the payment of salaries without providing by law the means of payment either by loan or tax, or by a repeal of the restrictions above referred to. If it can be done for one thousand dollars it can be for an unlimited amount, and if the power can be thus exercised, it may be productive of consequences disastrous to the interests of the city government.

By the constitution, the Legislature is required to pass laws prohibiting municipal corporations from incurring debts, and the Legislature have so restrained the defendants. The Legislature have in like manner specially limited the use of all moneys to be raised by tax, so that they cannot be used to pay the plaintiff. By law also all the real estate belonging to the defendants, and all their rents and income from markets, wharves, lands, &c., are pledged to the payment of the public debt, and cannot be used for any other purpose. It must be apparent therefore that the defendants can only make this payment by violation of the law. I cannot adopt the conclusion that the legislation is sufficient to impose on the defendants the liability for the plaintiff's claims, which he seeks to enforce by action. If the Legislature have provided by law for an increase of the salaries of the justices and clerks of these courts, and have omitted to provide the means by which the defendants could raise the moneys required therefor, the necessary legislation for that purpose has been omitted, and the defendants are not to be held liable. The effect of holding the defendants liable under such circumstances would be to expose their real and personal estate to be sold for the payment of a claim which they have not contracted, to which they have never given their assent, and which they are prohibited from paying out of any means within their control by the various statutes above referred to.

This case may be distinguished from that of a contract made by the defendants, where by their own act they assume the liability. Even in such a case it may be doubtful whether a liability can be enforced in a contract not provided for by law. Whether it could or not be enforced in the case of a contract, there should be no liability incurred where the Legislature have expressly deprived the defendants of all means of paying the claim, by the passage of laws forbidding the use of the public funds except for specific purposes. The property owned by a municipal corporation is to be protected in the same manner as that of individuals. (Bailey v. The Mayor, &c., of New York, 3 *Hill*, 531.) The Legislature cannot take away that property, either directly or indirectly, from the corporation any more than from individuals, and if they can impose upon the defendants the payment of moneys without providing authority to raise such moneys, by loan or tax, they indirectly appropriate the property

held by the city in their corporate right to public use without their consent.

More especially would this be so when all the provisions of law forbid the making of this payment out of any means possessed by the defendants, and where payment by the officers of the city government, out of the moneys raised by tax, would expose them to punishment for such a violation of the laws. (See *Act to amend Charter, Laws of* 1857, *ch.* 466, § 40.) In the case of The People *ex rel.* Lynch *v.* The Mayor, &c. (25 *Wend.*, 680), it was held that an action would lie against the corporation for the salary of a new officer created like the present by statute ; but the case arose before the restrictions now contained in the charter and laws had been adopted, and the points now urged were not considered in that decision. It is said that in that case the payment of such a claim becomes a corporate duty, for which they are liable as much as they would be on a contract executed by them under their corporate seal. Conceding that such a liability existed before the restrictions to which I have referred were in force, those provisions of law have rendered further legislation necessary. It would be idle to say that moneys should be paid out of the treasury of the city for a special purpose, and at the same time by law to say that if any of the public officers should apply the moneys in the treasury to any purpose other than was designated in the tax-bill, they shall be subject to an indictment for a misdemeanor.

The defendants, when they receive money from taxes or any other source of revenue which they are bound to apply to any special purpose, may, by action, be compelled to pay such money to the purposes contemplated, upon the principle that they hold the money so received by them to be so applied. In like manner, where authority is given to them to raise the amount by tax, it is their duty to make the necessary provisions therefor; and the law allows them, in case of delay in collecting the taxes, to resort to a loan for the purpose of anticipating the amount that may be necessary for the purposes of the city government, before the taxes are paid.

In either of these cases, they would be liable to actions, if they neglected to provide for and pay such claims as they become due, but there is no good reason why they should be compelled by a judgment and execution to do what the laws have

prohibited, or be compelled to part with their property to meet payments which the Legislature has proposed, without providing the necessary authority to collect means for that purpose.

It does not follow, because the defendants have not been authorized to provide the means for this payment, that the plaintiff is remediless. The payment may be delayed, and the consequences to those entitled to receive the salaries may produce temporary inconvenience; but it will be the duty of the supervisors to provide for such payments in their future application, and if they neglect to do so, other means may be resorted to; but until the necessary legislation is adopted, I see no grounds on which the defendants can be held liable.

An objection has been taken to the constitutionality of the act relative to the district courts, on the ground that section 71 continues in office the clerks of those courts for a period of six years from the time at which the justices now elected take their offices; that the effect of this provision would be the same as a new appointment by the Legislature after the terms of the present clerks had expired, and that such a statute would be a violation of the provision of the constitution which gives the election or appointment of those officers to the people or to the local authorities. There is much force in this objection. It is not, however, necessary for me to pass upon that question. If it should be hereafter declared to be a violation of that article of the constitution, the residue of the statute would not, on that account, be affected by it. This section could be rejected, while the rest could be sustained. (Town of Fishkill *v.* The Fishkill Plank-Road Company, 22 *Barb.*, 634.)

It was urged by the plaintiff's counsel that there were appropriations for city and county contingencies, out of which this money could be paid. The answer to this suggestion is, that on these pleadings it does not appear that any such appropriations have been made; and the demurrer admits the averments in the answer, that there are no funds in the treasury out of which the increased salary could be legally paid, and that the defendants have no power to raise the same, either by loan or tax. If there is any other fund from which payment can be made, the plaintiff must show that by evidence on the trial.

Although the point was not made by the plaintiff's counsel on

the argument, it is proper to refer to section 81 of the act relating to the district courts (*Laws of* 1857, *ch.* 344).   This section repeals all laws *in any case* provided for by that act, and also all laws inconsistent with its provisions.   If the laws referred to in the defendants' answer are in any way affected by this section, they are absolutely repealed and abrogated.   The repeal is not so far as they are inconsistent, but it is absolute and entire ; and if so affected, then all the restrictions imposed by the Legislature on the city government, as to borrowing money, and as to the application of moneys raised by tax, are at an end. I cannot suppose that the Legislature ever intended to pass such a law, nor in my judgment is there any inconsistency between them.   It is not inconsistent with the clause giving the justices an increased salary, that the corporation should be prohibited from borrowing money, or that the moneys previously authorized to be raised by tax should be applied to the purposes for which they were authorized.   Those different provisions can all· remain in force, and not interfere with any of the provisions of the act relating to the district courts.   The repeal of statutes involving matters of so much importance should be more explicitly stated, to justify a court in upholding such repeal.

The defendants are entitled to judgment upon the demurrer, with leave to the plaintiff to withdraw the demurrer on payment of costs.